| | |
|---|---|
| DANIELLE JERMAINE JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255/28 U.S.C. § 2241" [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's motion [CV Doc. 6]. Also pending is Petitioner's Motion to Supplement his Section 2241 Petition. [CV Doc. 7]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On March 27, 2007, Petitioner Danielle Jermaine Jackson ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, marijuana, and Ecstasy, all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (B), (C), and (D) (Count One); one count of being a felon-in-possession of a firearm and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count Twenty-Four); and one count of distribution of cocaine base and aiding and abetting the same, all in

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00046-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:07-cr-00061-FDW-DCK-17.

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count Twenty-Seven). [CR Doc. 3: Bill of Indictment]. The Government filed an Information Pursuant to 21 U.S.C. § 851, setting forth Petitioner's previous felony drug offense convictions. [CR Doc. 24: Section 851 Information]. These included two convictions on January 2, 2002 for felony possession with intent to sell and deliver cocaine in Mecklenburg County, North Carolina, and one conviction on September 19, 2005 for felony possession of cocaine, also in Mecklenburg County. [Id. at 4].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss Counts Twenty-Four and Twenty-Seven. [CR Doc. 200: Plea Agreement]. The plea agreement provided, in pertinent part, that:

> [Petitioner] is aware that the statutory minimum and maximum sentences for each count are as follows:
>
> Count One: a violation of Title 21, United States Code, Section 846. A sentence of not less than ten (10) years nor more than life imprisonment, and/or a $4,000,000 fine, and at least five (5) years supervised release, unless the defendant has previously been convicted of a felony drug offense. **However, since the United States had filed notice of two or more prior felony drug convictions, the statutory penalty shall be life imprisonment and/or an $8,000,000 fine (21 U.S.C. § 841(b)(1)(A)).**

[Id. at 2 (emphasis in original)]. Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 221: Acceptance and Entry of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 340: PSR]. Based, in part, on Petitioner's status as a career offender under U.S.S.G. § 4B1.1, the probation officer found a Total Offense Level (TOL) of 34 and a Criminal History Category (CHC) of VI. [Id. at ¶¶ 31, 34, 50]. The statutory term of imprisonment for Count One, based on the prior felony drug convictions, was life imprisonment. [See CR Doc. 340 at ¶ 101 (citing 21 U.S.C. §§ 841(b)(1)(A) and 851)]. The guideline range for imprisonment

2

based on a TOL of 34 and CHC of VI was 262 to 327 months. [Id. at ¶ 102]. Because the statutory minimum sentence was greater than the maximum guideline range, the probation officer found the guideline term to be life. [Id. (citing U.S.S.G. § 5G1.1(c)(2))].

Petitioner's sentencing hearing was held on December 9, 2008. Before the sentencing, the Government moved to dismiss "one of the two § 851 notices filed against the [Petitioner] resulting in a mandatory minimum sentence of 240 months and a guideline range of 262-327 months."[2] [CR Doc. 373 at 2: Motion]. At the sentencing, this Court granted the Government's partial motion to dismiss the § 851 Information and found that with only one prior felony drug conviction "[t]here remains a minimum of 240 months." [CR Doc. 575 at 9: Sentencing Tr.]. Thereafter, the parties jointly recommended to the Court a sentence of 310 months, nearer the higher end of the guidelines range and well above the 240-month minimum. [See id. at 9]. Before imposing Petitioner's sentence, the Court conducted the "most important step," which was "to work through a series of sentencing factors set forth in Title 18, United States Code 3553(a)." [Id. at 14]. Among other things, the Court noted "the seriousness of the [Petitioner's offense]." [Id. at 15]. The Court highlighted that Petitioner supplied the Hidden Valley Kings, a prominent gang in Mecklenburg County, "with their primary means of business, and that is drugs for distribution, and that's a very serious offense obviously." [Id.]. The Court further provided:

> [T]he Court needs to fashion a sentence that reflects the seriousness of that offense and to promote respect for the law so that others like you will not assist the operations of gangs by providing them tools of their trade, whether it's drugs or guns or whatever.
>
> The Court also needs to protect the public from further crimes of the defendant, and I do think you have turned your life in the right

---

[2] Although the motion stated that there were "two § 851 notices" and moved dismiss one of them [CR Doc. 373], the § 851 Information listed three prior felony drug convictions [CR Doc. 24]. Two of these three convictions occurred on the same day, January 2, 2002 [Id. at 4], but related to charges for two temporally unrelated drug charges [see CV Doc. 7-1 at 2-4].

3

> direction now, but I also am very disturbed by the fact that you come
> in here with a very serious criminal history.

[Id. at 15-16]. The Court then sentenced Petitioner to a term of imprisonment "sufficient but not greater than necessary to accomplish all the sentencing factors," that is 310 months' imprisonment. [Id. at 17]. Judgment on the conviction was entered on January 5, 2009. [CR Doc. 396: Judgment]. Petitioner did not directly appeal his conviction.

On March 9, 2012, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under Section 2255, which this Court dismissed as untimely. [Civil Case No. 3:12-cv-00163-FDW, Docs. 1, 6]. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal from that dismissal. [CR Doc. 659]. On January 22, 2020, Petitioner filed a pro se petition "pursuant to 28 U.S.C. § 2255/28 U.S.C. § 2241," arguing that he was improperly subject to a career offender enhancement at sentencing because his North Carolina convictions no longer qualify as felony drug offenses under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [CV Doc. 1]. In Simmons, the Fourth Circuit, overturning circuit precedent, held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, not if some hypothetical defendant could have received such a sentence.

The Court ordered the Government to answer Petitioner's petition under 28 U.S.C. § 2241. [CV Doc. 3]. Thereafter, the Federal Defenders of Western North Carolina made an appearance on behalf of Petitioner and filed a Supplemental Memorandum in Support of Section 2241 Petition. [CV Doc. 5]. The Government moved to dismiss Petitioner's petition. [CV Doc. 6]. Petitioner moved to supplement his § 2241 petition with the judgments on Petitioner's three prior § 851 felony convictions [CV Doc. 7] and responded to the Government's motion to dismiss [CV Doc. 8]. The Government replied [CV Doc. 9] and this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

By contrast, § 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" § 2255(e) permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333. Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or

5

> successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citation omitted). These requirements are jurisdictional. That is, their satisfaction determines whether a petition for sentencing relief under § 2241 may be "entertained to begin with," not whether a petitioner is entitled to relief thereunder. See id. 886 F.3d at 425, 434.

In Wheeler, the petitioner had been subject to a later Simmons-invalidated career offender sentencing enhancement due to a prior felony drug conviction, which increased his mandatory minimum sentence to 120 months. See Wheeler, 886 F.3d at 419 (citing 21 U.S.C. § 841(b)(1)(B)). Without the prior felony conviction, the petitioner's statutory minimum would have been five years. Wheeler, 886 F.3d at 430. In imposing the mandatory minimum sentence of 120 months at sentencing, the district court noted, "[T]he sentence that is required to be imposed upon you is a harsh sentence. It's a mandatory minimum sentence. I don't have any discretion in that area." Id. at 420 (citation omitted). Under those circumstances, the Fourth Circuit found that the increase in the petitioner's mandatory minimum was sufficiently grave to be deemed a fundamental defect, thereby satisfying the fourth Wheeler prong, and ordered that petitioner "may pass through the savings clause portal and have the § 2241 petition addressed on the merits." 886 F.3d at 434.

Here, there is no disagreement over the first three prongs of Wheeler.[3] The fourth prong is, however, disputed. As noted, to satisfy the fourth prong, Petitioner must show that his sentence "presents an error sufficiently grave to be deemed a fundamental defect." Only when all four prongs are satisfied may he pass through the savings clause and have his § 2241 petition reviewed

---

[3] Petitioner moves to supplement his § 2241 petition with judgments in his State criminal proceedings reflecting that Petitioner could not have been sentenced to a term of imprisonment greater than one year for those drug offenses that qualified Petitioner for the career offender enhancement under § 851. [CV Docs. 7, 7-1]. The Court will grant Petitioner's motion to supplement.

6

on the merits. The Court sentenced Petitioner based on an enhancement for a single previous felony drug offense conviction that resulted in a guideline range calculation now erroneous under Simmons. Incident to the erroneous enhancement was the finding of a mandatory minimum sentence of 240 months, see 21 U.S.C. §§ 841(b)(1)(A) and 851. Without the enhancement, the statutory mandatory minimum sentence would have been 120 months. 21 U.S.C. § 841(b)(1)(A). In either event, however, the ultimate sentence imposed, 310 months, was well above the mandatory minimum and within the guideline range of 262 to 327 months. The parties jointly recommended this sentence to the Court. [CR Doc. 574 at 9].

Recently, in Braswell v. Smith, 952 F.3d 441 (4th Cir. 2020), the Fourth Circuit referenced "Wheeler's established holding that an increase in a mandatory minimum is a fundamental defect." 952 F.3d at 450. In Braswell, the Fourth Circuit interpreted the second prong of the Wheeler test to mean that "in order for a petitioner to satisfy prong two, the *combination* of the chance in settled substantive law and its retroactivity must occur after the first § 2255 motion has been resolved." Id. at 448. The Court then went on to determine whether the petitioner satisfied all four prongs of Wheeler. In Braswell, the petitioner was subject to an enhanced 120-month mandatory minimum sentence pursuant to 21 U.S.C. § 841(b) due to a prior drug felony conviction and a guideline range of 262 to 327 months' imprisonment.[4] Without the enhancement, the petitioner faced a mandatory minimum of five years and not more than 40 years. Id. at 444 n. 1 (citing 21 U.S.C. § 841(b)(1)(B)). The district court sentenced the petitioner to 262 months, plus 60 months on the § 924(c) conviction. Id. at 445. As such, the petitioner's sentence was within the erroneous guideline range and well above the erroneous mandatory minimum 120-month sentence. With that backdrop, the Government "concede[d] that [the petitioner] satisfies prong four under

---

[4] The petitioner was also subject to a mandatory consecutive sentence of 60 months on an 18 U.S.C. § 924(c) offense.

Wheeler, but [took] issue with Wheeler's established holding that an increase in a mandatory minimum is a fundamental defect." Id. at 450. The Court in Braswell explained:

> In both Wheeler and this case, the mandatory minimum was increased from five to ten years. And in Wheeler, we specifically rejected the argument (which the Government attempts to rehash here) that "any sentence that falls at or below the statutory maximum does not present a fundamental defect." 886 F.3d at 432. We explained, "An increase in the congressionally mandated sentencing floor implicates separation of powers principles and due process rights fundamental to our justice system." Id. at 430. The defect is fundamental because it "wrongly prevent[s] [the sentencing court] from exercising the proper range of [its] sentencing discretion." Lester v. Flournoy, 909 F.3d 708, 713 (4th Cir. 2018) (discussing Wheeler prong four). Because Appellant's mandatory minimum was erroneously increased, according to Wheeler, his sentence "presents an error sufficiently grave to be deemed a fundamental defect." 886 F.3d at 433. Therefore, Appellant satisfies prong four as well.[5]

Id. After determining all four prongs were satisfied, the appellate court reversed the dismissal of the petitioner's § 2241 petition and remanded the case for proceeding's consistent with the Court's opinion. Id. at 451. There is no meaningful difference between the facts underlying the prong four analysis here and in Braswell. As such, the Court finds that Petitioner is entitled to pass through the § 2255(e) savings clause and have his § 2241 petition reviewed on the merits.

The Court, then, must turn to a determination of Petitioner's § 2241 petition on the merits.

Petitioner argues, "[i]n sum, because [Petitioner] satisfies Wheeler's four-part test, he is entitled to Section 2241 relief in the form of a resentencing without the erroneously applied mandatory minimum." [CV Doc. 5 at 7]. Petitioner, therefore, contends that he need go no further

---

[5] The appellate court made clear that the petitioner's "satisfaction of prong four was based on the increase in his mandatory minimum, not his career offender designation." Braswell, 952 F.3d at 450 (quoting United States v. Foote, 784 F.3d 931, 932, 941 (4th Cir. 2015) (holding that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" is not a constitutional or jurisdictional error, nor is it "a fundamental defect which inherently results in a complete miscarriage of justice")).

8

Case 3:20-cv-00046-FDW   Document 10   Filed 04/27/20   Page 8 of 10

than satisfy the jurisdictional requirements of Wheeler to be entitled to relief under § 2241. The Government points to the harmless error standard and contends that "[t]he record establishes that the error [Petitioner] alleges would not have 'had substantial and injurious effect or influence" on the sentence this Court imposed," because the record shows that "this Court would have imposed his 310[-]month sentence regardless of the section 851 enhancement." [Id. at 15-16 (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993))].

As noted in Foote, "district courts must make an independent determination that a Guidelines sentence, even one based on a career offender designation, would 'comport with the sentencing standard set forth in 18 U.S.C. § 3553(a).'" Foote, 784 F.3d at 941 (quoting Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013)). Further, "[d]istrict courts may not even presume a within-Guidelines sentence is reasonable." Id. (citing Nelson v. United States, 555 U.S. 350, 352, 129 S. Ct. 890 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." (emphasis in original))). "[A] district court's error in its sentencing calculations is harmless if the court also provided justification for the sentence based on the § 3553(a) sentencing factors." Id. (citation omitted). To be sure, district courts are free to vary from the career-offender based sentencing range, and the Fourth Circuit has affirmed their decisions to do so. Id. (citations omitted). Relief afforded under § 2241 through the savings clause should be no more expansive than that allowed by § 2255. Here, the Court is without basis to allow relief under § 2241 where this Court justified its sentence based on § 3553(a) sentencing factors, the sentence imposed was within a guideline range only later erroneous under Simmons, and the sentence imposed was well above the enhanced statutory mandatory minimum sentence of 240 months. Namely, as in Foote, this Court sentenced Petitioner "'within the statutory limits,' and while the career offender designation may have affected the ultimate sentence

9

imposed, 'it did not affect the lawfulness of the [sentence] itself – then or now.'" Foote, 784 F.3d at 943 (quoting United States v. Addonizio, 442 U.S. 178, 184 (1979)).

In sum, although Petitioner may pass through the savings clause of § 2255(e) for review of his § 2241 petition on the merits, he cannot show he is entitled to relief thereunder. The Court will, therefore, deny and dismiss Petitioner's § 2241 petition and grant the Government's motion to dismiss.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion to Supplement § 2241 Petitioner [Doc. 7] is **GRANTED**.

2. Petitioner's Pro Se Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

3. The Government's Motion to Dismiss [Doc. 6] is **GRANTED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 27, 2020

_____
Frank D. Whitney
Chief United States District Judge